**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

KYM MANULA, an Individual; and                                                    PLAINTIFFS
LIL' OUTLAWS PONY CAMP, LLC, a
Colorado Limited Liability Company, d/b/a
SPRADDLE CREEK RANCH

v.                                          No. 4:06CV01107 JLH

RICK WHEAT                                                                          DEFENDANT

**OPINION AND ORDER**

Kym Manula and Lil' Outlaws Pony Camp, LLC, d/b/a Spraddle Creek Ranch, have filed a

motion for attorneys' fees and costs in which they seek attorneys' fees pursuant to Ark. Code Ann.

§ 16-22-306 and costs of the action pursuant to 28 U.S.C. § 1920.  They request that the Court award

them attorneys' fees in the amount of $40,000, that in addition to fees they be awarded out-of-pocket

expenses totaling $589.71, and that they be awarded costs in the amount of $4,019.94.  Rick Wheat

has not objected to the cost bill but does argue that the fee request is excessive.

Ark. Code Ann. § 16-22-308 provides that in a civil action to recover for breach of contract

the prevailing party may be allowed a reasonable attorneys' fee.  This section does not permit an

award of attorneys' fees in tort actions, such as actions for the tort of deceit or fraud.  *Stein v. Lukas*,

308 Ark. 74, 83, 823 S.W.2d 832, 837 (1992).  "Where both contract and tort claims are advanced,

an award of attorneys' fees to the prevailing party is proper only when the action is based primarily

in contract."  *Meyer v. Riverdale Harbor Mun. Prop. Owners Imp. Dist. No. 1*, 58 Ark. 91, 93, 947

S.W.2d 20, 21 (1997).  A claim for breach of warranty is, for purposes of awarding fees under

section 16-22-308, a breach of contract action because the warranty is implied in the contract of sale

and arises from that contract.  *Curry v. Thornsberry*, 354 Ark. 631, 643-44, 128 S.W.3d 438, 444-45

(2003).

Here, plaintiffs' complaint included counts sounding in tort and in contract.  However, no facts were alleged to support the tort claims, nor was evidence offered to prove the tort claims.  This action was primarily one for breach of contract.  The Court found in favor of the plaintiffs primarily based on breach of the implied warranty of fitness for a particular purpose, a warranty that was based on the sales contract and arose out of the sales contract.  Therefore, this is an action for which fees may be awarded pursuant to Ark. Code Ann. § 16-22-308.

The seminal case in Arkansas on determining the amount of fees to be awarded under section 16-22-308 is *Chrisco v. Sun Indus.*, 304 Ark. 227, 800 S.W.2d 717 (1990).  In *Chrisco*, the court stated:

> [A]lthough there is no fixed formula in determining the computation of attorney's fees, the courts should be guided by recognized factors in making their decision, including the experience and ability of the attorney, the time and labor required to perform the legal service properly, the amount involved in the case and the results obtained, the novelty and difficulty of the issues involved, the fee customarily charged in the locality for similar legal services, whether the fee is fixed or contingent, the time limitations imposed upon the client or by the circumstances, and the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer.

*Id*. at 229, 800 S.W.2d at 718-19.  The established principles that should be followed in determining the reasonableness of an attorney's fee "should include consideration of whether or not the actions taken by a party seeking such fees were meritorious and successful." *Griffin v. First Nat'l Bank*, 318 Ark. 848, 857, 888 S.W.2d 306, 311 (1994).

In *Hensley v. Eckerhart*, 461 U.S. 424, 433, 103 S. Ct. 1933, 1939, 76 L. Ed. 2d 40 (1983), the Court stated:

> The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate.  This calculation provides an objective basis on which to make an initial estimate of the value of a lawyer's services.

That calculation, however, does not end the inquiry.  "[T]he most critical factor is the degree of success obtained."  *Id*. at 436, 103 S. Ct. at 1941.  Thus, if "a plaintiff has achieved only partial or limited success, the product of hours reasonably expended on the litigation as a whole times a reasonable hourly rate may be an excessive amount."  *Id*.

The Court has considered all of the *Chrisco* factors.  Plaintiffs were ably represented by an experienced attorney whose hourly rate is reasonable for an attorney with her experience and ability practicing law in Little Rock, Arkansas.  Plaintiffs sought damages of $153,000 and were awarded judgment totaling $84,891.21.  The summary of time shows a total of 267.9 hours for plaintiffs' lead attorney and 2.5 hours for an associate, for a total of 270.4 hours.  Only two depositions were taken in the case, and both of them were fairly short.  The trial was a bench trial that took two days.  In view of the paucity of depositions, the brevity of the trial, and the amount of the judgment, the total of 270 hours seems excessive.  The plaintiffs have acknowledged as much and have reduced the request for fees to $40,000 from a total of $53,735, which is the quotient obtained by multiplying the hourly rate times the hours spent.  The Court believes that amount is still somewhat excessive in light of the result obtained, the limited number of depositions, and the brevity of the trial.  The Court will award attorneys' fees to the plaintiffs in the total amount of $28,600.  To that amount will be added out-of-pocket expenses in the amount of $589.71 and costs in the amount of $4,019.94.  Judgment will be entered separately.

IT IS SO ORDERED this 31st day of October, 2007.

J. LEON HOLMES
UNITED STATES DISTRICT JUDGE